UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA GOMES V.S., | No. 1:26-cv-0087 TLN AC |
| Petitioner, | |
| v. | ORDER |
| SERGIO ALBARRAN, et al., | |
| Respondents. | |

      Petitioner, proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On January 12, 2026, the district judge granted petitioner's motion for temporary restraining order (ECF No. 2), issued a preliminary injunction, and referred the case to the magistrate judge for further proceedings.  See ECF No. 10 at 9-10.  Because petitioner may be entitled to the requested relief if the claimed violations are proved, respondent will be directed to show cause why the writ should not be granted by filing an answer/return.  See 28 U.S.C. § 2243.

      In filing an opposition to the motion for temporary restraining order, respondents requested a 180-day period of time in which to respond to the petition.  ECF No. 8 at 1. Respondent's expressed that the lengthy extension is necessary to allow respondents time "to present informed briefing in a rapidly-evolving area of law, where appeals are currently pending in the Ninth Circuit that are likely to have precedential effect on current immigration habeas

litigation, including this case" and that petitioner would not be prejudiced by this lengthy briefing schedule if the preliminary injunction is issued. Id. at 2 (referring to Rodriguez v. Bostock, 779 F. Supp. 1239 (W.D. Wash. 2025), Ninth Circuit docket no. 25-6842). To address respondent's request, the court will direct the parties to meet and confer to discuss a briefing schedule.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The parties are directed to meet and confer within three days from the service of this order for the purpose of submitting a joint proposed briefing schedule.

2. The joint proposed briefing schedule shall include petitioner's position on respondents' request for a lengthy briefing schedule, and, relatedly, shall state the parties' respective positions on the question whether a stay should issue pending resolution on the appeal in Rodriguez Vazquez v. Bostock, 779 F. Supp. 1239 (W.D. Wash 2025).

DATED: January 12, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2